UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                          Civil No. 1:23-cv-01133

vs.

$20,532 UNITED STATES CURRENCY,

    Defendant Currency.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1.    This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $20,532 United States Currency (the "Defendant Currency").

### THE DEFENDANT IN REM

2.    The Defendant Currency consists of $20,532 in United States Currency that was seized on or about June 19, 2023 by the Drug Enforcement Administration (DEA). The Defendant Currency is currently in the custody of the United States Marshal Service (USMS).

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. Joseph PARSONS is 50 years old and a Michigan resident who as of the spring of 2023, resided at a house on Lincoln Road in Otsego, Michigan ("the Subject Premises"). PARSONS was convicted of felony possession of methamphetamine or ecstasy in violation of Michigan law in 2015, 2016, 2018, and 2019.

7. In the spring of 2023, according to an informant, PARSONS obtained large quantities of methamphetamine from a source of supply in Denver, Colorado, for further sale and redistribution in Michigan. Generally, PARSONS drove himself from west Michigan to Denver to obtain the methamphetamine, which he then sold out of the Subject Premises.

8. In late April 2023, according to various forms of electronic surveillance, PARSONS drove from west Michigan to the border of Illinois and Iowa, where PARSONS stopped for approximately 43 minutes, before returning directly to Michigan. After PARSONS had returned to Michigan, the informant told investigators that PARSONS had just obtained a large quantity of methamphetamine, which he was then selling in smaller amounts.

9. During the April 2023 trip to Denver, a phone number used by PARSONS communicated with a phone number subscribed to J.M. at a residence in Denver 11 times.

10. In mid-May 2023, at the direction of law enforcement, an informant conducted a controlled buy of a distribution quantity of methamphetamine from PARSONS at the Subject Premises. The informant subsequently told investigators that PARSONS was still in possession of additional methamphetamine to sell.

11. By the end of May 2023, the informant spoke to PARSONS, who indicated that he was not selling any methamphetamine at that time. The informant did not know if this was because PARSONS did not have any methamphetamine to sell, or if this was because PARSONS was unavailable to meet with the informant.

12. On June 14, 2023, through electronic surveillance, investigators observed PARSONS leave the Subject Premises driving a dark colored 2017 Chevrolet Colorado ("the Subject Vehicle"). The Subject Vehicle was registered through the State of Michigan to Elizabeth Patricia McNETT, of Kalamazoo, Michigan.

13. In 2014, McNETT pleaded guilty to "misprision of a felony," in violation of 18 U.S.C. § 4, in the Western District of Michigan, Case No. 1:13-CR-223-PLM. In the plea agreement with the government, McNETT agreed to and admitted the following factual basis to support the plea:

   a. In 2009, McNETT learned that her brother, Francis Block, and other individuals, were working together to distribute crystal methamphetamine in the Western District of Michigan. At no time did McNETT notify any judge or person in civil or military authority that the conspiracy was taking place. After Block's arrest on federal drug trafficking charges in the fall of 2013, McNETT visited with him and spoke with him on the telephone. During those interactions, Block requested that McNETT collect outstanding debts amount to thousands of dollars, which McNETT understood to be the proceeds of methamphetamine trafficking, from multiple individuals. McNETT in fact collected proceeds of Block's sale of approximately an ounce of crystal methamphetamine to one of his female customers. Block also requested that McNETT post bond for another inmate in the Kalamazoo County Jail, so that he could located and intimidate witnesses Block expected to testify against him at trial. McNETT posted bond for the subject and secured his release. Following McNETT's indictment, KVET investigators attempted to arrest McNETT at her home in Van Buren County on April 2, 2014. McNETT concealed her knowledge of the methamphetamine conspiracy by telling investigators that she had only listed to Block's requests for help but had done nothing to help him, when in fact she had fulfilled several of his requests.

McNETT was sentenced to 33 months in prison followed by 1 year of supervised release.

14. Later on June 14, 2023, through electronic surveillance, investigators observed PARSONS traveling west through Michigan.

15. The next morning, on June 15, 2023, through electronic surveillance, PARSONS was in Nebraska and still traveling westward.

16. PARSONS continued traveling westward until the evening of June 15, 2023, when he stopped around Commerce City, Colorado.

17. J.M., the subscriber of the Denver-based phone number that PARSONS communicated with in conjunction with the April trip, was associated with an address in Commerce City close to where PARSONS stopped. An investigator drove by that residence and saw the Subject Vehicle parked on the street outside the residence associated with J.M.

18. On June 18, 2023, through electronic surveillance, investigators observed PARSONS leave Colorado and travel eastward toward Michigan.

19. On June 19, 2023, in the early morning hours, investigators executed a federal search warrant on the Subject Vehicle once it was back in the Western District of Michigan. PARSONS was the sole occupant of the Subject Vehicle.

20. During the search of the Subject Vehicle, investigators found and seized the Defendant Currency from PARSONS's pocket, an iPhone from PARSONS's person, a magazine with .45 caliber ammunition from PARSONS's pocket, and from the center console: a black gun holster, a Kimber 54 ACP firearm, 9mm ammunition, and a glass pipe with residue used to smoke methamphetamine.

21. Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

### CLAIM I

22. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

23. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

### CLAIM II

24. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

25. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

### CLAIM III

26. Plaintiff hereby re-alleges paragraphs 1 – 21, as referenced above.

27. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration or the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

MARK A. TOTTEN
United States Attorney

Dated: October 26, 2023

_____
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Special Agent of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/24/2023

BRANDON CARRIER
Special Agent
Drug Enforcement Administration