UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$20,532 UNITED STATES CURRENCY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-01133-RJJ-PJG

## REPORT AND RECOMMENDATION

The United States brought this forfeiture action seeking the civil forfeiture of U.S. currency seized from Joseph Parsons on June 19, 2023, during the search of a vehicle he was driving on that date. (Complaint ECF No. 1). Mr. Parson has asserted a claim to the money, alleging it came to him lawfully as an inheritance from his father. (ECF No. 8, 9).

This matter is now before the Court on the government's motion for summary judgment. (ECF No. 24). Mr. Parsons has failed to respond to the motion, and the deadline for responding has long passed. For the reasons articulated herein, the undersigned judicial officer recommends that the government's motion be granted.

### Procedural History

The government filed a verified complaint on October 26, 2023, seeking the civil forfeiture of $20,532.00, which was seized by the Drug Enforcement Agency on June 19, 2023, during the execution of a search warrant of a vehicle being driven by

Joseph Parsons. (Complaint ¶¶ 19-20, ECF No. 1, PageID.5). The government provided Joseph Parsons with notice of the complaint on November 2, 2023. (ECF No. 6).

On February 28, 2024, Joseph Parsons filed an answer to the complaint and a verified claim. (ECF No. 15, 16). Mr. Parsons asserted that he is the lawful owner of the $20,532.00 at issue in this case through an inheritance from his father's estate. (ECF No. 16, PageID.60).

The Court entered a Case Management Order (CMO) the next day, setting a discovery deadline of May 1, 2024, and a settlement conference for May 14, 2024. (ECF No. 17, PageID.64). The CMO also set a dispositive motion deadline of June 1, 2024). (*Id.* at PageID.64).

On April 29, 2024, the government moved to compel Mr. Parsons to answer its interrogatories and to respond to its requests for production of documents. (ECF No. 20). The government asserted that Plaintiff had not responded to any of its discovery requests, which were served March 8, 2024. (*Id.* at PageID.72). On May 3, 2024, the Court adjourned the May 14 settlement conference due to the pendency of the discovery motion. (Notice, ECF No. 22). The Court also set a hearing on the discovery motion for June 4. (ECF No. 23). Plaintiff never responded to that motion.[1]

On May 31, 2024, the government filed its motion for summary judgment. (ECF No. 24). On June 2, 2024, the Court issued a notice to Mr. Parsons of the filing

---

[1] The undersigned is separately dismissing without prejudice the government's motion to compel discovery.

of the motion and directed him to file a response within 28 days. (Notice, ECF No. 25). The Court warned Mr. Parsons that failure to file a timely response would result in the Court deciding the motion on the available record. (*Id.* at PageID.303).

On July 8, 2024, the Court received a letter from Mr. Parsons. (ECF No. 28). In that letter, Mr. Parsons requested a "continuance" of this case, stating that he had been incarcerated in the Berrien County Jail since March 27, 2024, and that he would not be released until November 3, 2024. (*Id.* at PageID.306). On July 23, 2024, the Court granted Mr. Parsons a continuance of his deadlines to respond to the motions to compel discovery and for summary judgment until August 22, 2024 (ECF No. 29), and it mailed the order to Mr. Parsons at the Berrien County Jail. To date, Plaintiff has filed no response to either motion.

## SUMMARY JUDGMENT STANDARDS

**A.    Summary Judgment**

Summary judgment is appropriate when the moving party demonstrates that "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court must examine the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" to determine whether there is a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed if there is "sufficient evidence favoring the nonmoving party for a [fact finder] to return a verdict for that party." *Id.* at 249

3

(citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party [by a preponderance of the evidence], there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 289). In considering the facts, the Court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.*

### B. Failure to Respond to Motion for Summary Judgment

This District's local rules require a party opposing a dispositive motion to file a responsive brief, along with any supporting materials, within 28 days of service of the motion. W.D. MICH. L.CIV. R. 7.2(c). Moreover, the Court entered an order on June 2, 2024, advising Mr. Parsons of the 28-day deadline and of the consequences of failing to file a timely response. (ECF No. 25, PageID.303). The Cour later extended the deadline, at Mr. Parsons' request, to August 22, 2024. He has failed to make any further filing, now more than five months after the extended deadline. Given Mr. Parsons' failure to respond to the government's motion for summary judgment, the government's statement of facts are deemed undisputed for the purposes of summary judgment. *See Jones v. City of Franklin*, 677 F. App'x 279, 285 (6th Cir. 2017); *S&S Innovations Corp. v. UUSI, LLC*, Case No. 1:18-cv-1377, 2021 WL 21596 at *3 (W.D. Mich. Jan. 4, 2021).

In resolving an unopposed motion for summary judgment, the Court may limit its consideration to the "facts presented and designated by the moving party."

4

*Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 404 (6th Cir. 1992). " '[A] district court is not required to search the record to determine whether genuine issues of material fact exist' for an unopposed summary judgment motion." *S&S Innovations*, 2021 WL at *3 (quoting *Willis v. Valley Residential Servs.*, Case No. 06-13686-BC, 2008 WL 1820892, at *4 (E.D. Mich. Apr. 22, 2008) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1489-80 (6th Cir. 1989)). It is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the [unopposed] motion." *Guarino* 980 F.2d at 406.[2]

## UNDISPUTED FACTS

    A.    **Investigation of Joseph Parsons**

In the Spring of 2023, the Drug Enforcement Administration (DEA) and the Kalamazoo Enforcement Team (KVET) began a joint investigation into alleged drug trafficking activities by Joseph Parsons.[3] (Carrier Affidavit ¶ 2a, ECF No. 24-7, PageID.112). A Confidential Informant told investigators that Mr. Parsons was purchasing large quantities of methamphetamine from a supplier in Denver,

---

[2] Failing to respond to a summary judgment motion is not grounds for default, however. " 'A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant.' " *F.T.C. v. E.M.A. Nationwide, Inc.*. 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979)).

[3] Mr. Parsons incurred felony convictions for controlled substances offenses, including methamphetamine, in 1997, 2015, 2016, and 2019. (Exhibits 1-6, ECF No. 24-1, 24-2, 24-3, 24-4, 24-5).

5

Colorado, and distributing it to individuals in Michigan. (*Id.* at ¶ 2d, PageID.112-13). The Informant advised that Mr. Parsons drove Denver to obtain the methamphetamine and sold it out of his residence on Lincoln Road in Otsego, Michigan. (*Id.* at ¶¶ 2b, 2d). The Informant provided two telephone numbers for Mr. Parsons, one of which ended in 8309 (Mr. Parsons' Phone). (*Id.* at ¶ 2d, PageID.113).

On April 25, 2023, investigators executed a GPS tracking warrant on a rental vehicle (Toyota 4 Runner) that Mr. Parsons was driving, along with a "ping" warrant to track Mr. Parsons' Phone. (Carrier Affidavit, ¶ 2e). Surveillance revealed that Mr. Parsons was driving the rental vehicle in the same location as his Phone. (*Id.*). On April 26, the investigators tracked the rental vehicle and phone to a rest stop in Princeton, Illinois, where they remained for 43 minutes before returning to Mr. Parsons' residence the next day. (*Id.* at ¶¶ 2f, i, PageID.113-14). Phone records reveal that, during this trip, Mr. Parsons' Phone was in contact six times with a Denver area code with a phone number ending in 8908, a phone number associated with "J.M," who has 2013 convictions for controlled substance and weapons offenses. (*Id.* at ¶¶ 2g-h, PageID.114). The Confidential Informant informed investigators that Mr. Parsons' had obtained a large quantity of methamphetamine, which he was selling in smaller amounts. (*Id.* at ¶ i).

In mid-May 2023, the investigators conducted a controlled purchase of methamphetamine from Mr. Parsons' residence using the Confidential Informant. (Carrier Affidavit, ¶ 2j). The investigators observed the Informant in the company of Mr. Parsons during that controlled buy. (*Id.*).

On June 14, 2023, investigators observed Mr. Parsons leaving his residence in a 2017 Chevrolet Colorado, which was registered to an Elizabeth McNett,[4] and tracked him through the "ping" warrant to an address associated to "J.M." in Commerce City, Colorado. (Carrier Affidavit, ¶¶ 2l, n-q, PageID.115-17). Investigators confirmed through physical surveillance that the vehicle was parked at that address. (*Id.* at ¶ 2q). Mr. Parsons was subject to a traffic stop in Berrien County, Michigan, on June 19, 2023, and the vehicle was searched, pursuant to a federal warrant. The subject currency – $20,532.00 – was seized from Mr. Parsons' pant pockets, along with a loaded magazine. (*Id.* at ¶¶ 2s-t, PageID.117; Salmon Affidavit ¶2(b), ECF No. 24-9, PageID.121).

Seized from the vehicle Mr. Parsons was driving was a .45 caliber pistol, a pipe with residue that field-tested positive for methamphetamine, and an iPhone 14 cell phone.[5] (Patterson Affidavit ¶2b, ECF No. 24-8, PageID.119). Mr. Parsons acknowledged ownership of the cell phone and provided the investigators with the passcode to the phone. (*Id.*).

That same day (June 19), investigators executed a federal search warrant on Mr. Parsons' residence. They seized, among other things, the following: (1) a plastic baggie corner with methamphetamine residue, (2) a Ziploc bag with

---

[4] In 2014, Ms. McNett pled guilty to misprision of a felony relating to her involvement in a methamphetamine distribution ring involving her brother and other, unnamed individuals. (Carrier Affidavit, ¶ 2m, ECF No. 24-7, PageID.115-16).

[5] Laboratory testing later confirmed that the substance was methamphetamine. (Cake Affidavit ¶2c, ECF No. 24-10, PageID.123).

methamphetamine residue, (3) "[p]ackaging materials," (4) three digital scales, and (5) a box of ammunition with methamphetamine residue. (Behnen Affidavit ¶2b, ECF No. 24-11, PageID.126).

### B.     Financial Records

Investigators obtained records of Mr. Parsons' accounts at Fifth Third Bank. These records indicate that, between June 2, 2022, and June 28, 2023, Mr. Parsons deposited a total of more than $53,000.00 from unknown sources, and some $61,000.00 in withdrawals, mostly through cash transactions. (*See* Exhibits 19-21, ECF No. 24-19, 24-20, 24-21). Mr. Parsons filed no tax returns with the State of Michigan for the years 2020 through 2023. (Exhibit 12, ECF No. 24-12).

Bank records indicate that Mr. Parsons deposited a check from his father's estate on April 20, 2022, in the amount of $32,812.00. (Exhibit 15 at 2, ECF No. 24-15); Exhibit 16 at 1-3, ECF No. 24-16).

## ANALYSIS

The government contends that the money that is the subject of this action is forfeitable under 21 U.S.C. § 881(a)(6). The government seeks forfeiture on three bases: (1) "it constitutes money furnished or intended to be furnished by [a] person in exchange for a controlled substance"; (2) "it constitutes proceeds traceable to an exchange of controlled substances"; and (3) "it constitutes money used or intended to be used to facilitate a violation of [the Controlled Substances Act]." (Id. at ¶¶ 23, 25, 27, PageID.6).

In a civil forfeiture action, the government bears the burden, by preponderant evidence, that the money is traceable to drug trafficking generally, but it need not link the money to a specific drug transaction. *See United States v. $21,000 in U.S. Postal Orders*, 298 F. Supp.2d 597, 601 (E.D. Mich. 2003) (citing *United States v. $118,170 in U.S. Currency*, 69 Fed. Appx. 714, 717 n. 1 (6th Cir. 2003)). Circumstantial evidence is generally sufficient to establish that the subject money is forfeitable. *See, e.g., United States v. $174,206 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003).

In the instant case, the undisputed facts establish by a preponderance that the subject money is traceable to drug trafficking. Law enforcement agents engaged in electronic surveillance of Mr. Parsons after receiving information from a Confidential Informant that he was engaged in drug trafficking. More specifically, the Informant advised the DEA and KVET investigators that Mr. Parsons was purchasing large quantities of methamphetamine from a Denver, Colorado, supplier, and distributing it in smaller quantities to individuals in Michigan.

The investigators corroborated this information through electronic surveillance. This surveillance revealed that, on April 26, 2023, Mr. Parsons drove a rental vehicle from Michigan to a rest stop in Princeton, Illinois, where he remained 343 minutes before returning directly to his Michigan residence. Telephone records provide sufficient information to infer that, during that trip, Mr. Parsons was in telephone contact six times with "J.M.", a convicted drug dealer in the Denver area.

The Confidential Informant confirmed that Mr. Parsons had obtained a distribution quantity of methamphetamine during that trip.

In May 2023, the investigators used the Informant to conduct a controlled purchase of methamphetamine from Mr. Parson's residence. The investigators conducted physical surveillance during the controlled purchase, observing the Informant with Mr. Parsons.

On June 14, 2023, investigators conducted additional electronic surveillance of Mr. Parsons, tracking him to J.M.'s Commerce City, Colorado, residence.[6] Physical surveillance confirmed the fact that the vehicle Mr. Parsons was driving was parked in J.M.'s driveway.

During his return trip to Michigan, on June 19, Mr. Parsons was subject to a traffic stop. He and the vehicle he was driving were searched pursuant to a federal warrant. The subject currency – $20,532.00 – was found in his pants pocket, along with a loaded firearm magazine. A .45 caliber pistol was found in the vehicle, along with a meth pipe. During a search of Mr. Parsons' residence that same day, investigators found digital scales and other paraphernalia associated with drug trafficking, some of which bore methamphetamine residue.

In addition, a review of Mr. Parsons' bank records revealed a significant number of sizeable cash transactions during June 2023 and the eleven previous months. None of this money was reported as taxable income to the State of Michigan.

---

[6] Commerce City is approximately nine miles from Denver. (https://www.travelmath.com/distance/from/Commerce+City,+CO/to/Denver,+CO (last viewed February 8, 2025).

Mr. Parsons' claim that he received the subject currency from his father's estate is seriously undermined by the financial records. Those records indicate that Mr. Parsons had received a check from his father's estate in the amount of $32, 812.00 on April 20, 2022, more than a year before the June 19, 2023, seizure of the currency at issue here.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion for summary judgment (ECF No. 24) be granted, and that judgment be entered in favor of the United States regarding the subject of this civil forfeiture action.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: February 10, 2025              /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge